UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
CASE NO.

AMY MAXWELL, individually, and
GREG MAXWELL, individually,

    Plaintiffs,

v.

COMMERCIAL RECOVERY SYSTEMS, INC.,    **JURY DEMAND**
a Texas corporation,

    Defendant.
_____/

## **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). Defendant called Plaintiffs' cellular telephones on multiple occasions using an automatic telephone dialing system even though Plaintiff had never given her express consent to receive such calls, and on multiple occasions requested for the aforesaid calls to cease. Each and every message left on Plaintiff's voicemail system failed to disclose that it was from a debt collector in violation of the FDCPA.

## **JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 15 U.S.C. § 1692k, and 47 U.S.C. § 227. Venue in this District is proper because Plaintiffs reside here and Defendant does business in this District.

## **PARTIES**

3. Plaintiff, AMY MAXWELL, is a natural person, and citizen of the State of Florida, residing in Santa Rosa County, Florida.

4. Plaintiff, GREG MAXWELL, is a natural person, and citizen of the State of Florida, residing in Santa Rosa County, Florida.

5. AMY MAXWELL and GREG MAXWELL will be referred to collectively herein as "Plaintiffs."

6. Defendant, COMMERCIAL RECOVERY SYSTEMS, INC. (hereinafter, "Defendant"), is believed to be a Texas corporation, engaged in the practice of debt collection, with its principal place of business located in Dallas, Texas.

7. Defendant is vicariously liable for the actions of its employees, including but not limited to its employee debt collectors. *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994).

8. Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of consumer debts.

9. Defendant regularly collects or attempts to collect debts for itself or other parties. They are a "debt collector" as that term is defined in the FDCPA.

10. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

11. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
> *There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.*
>
> *(b) Inadequacy of laws*
> *Existing laws and procedures for redressing these injuries are inadequate to protect consumers.*

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

13. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiffs provided express consent within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

## FACTUAL ALLEGATIONS

14. Defendant sought to collect an alleged debt from Plaintiffs of $700.00 dollars, which was allegedly due on a *Bank of America* credit card last used by Plaintiffs in 2009. While Plaintiffs' dispute the debt, they do acknowledge that they used the aforesaid credit card for personal, family, or household purposes, such as the purchase of food, clothing, and travel-related expenses.

15. Within the last four years, Plaintiffs received multiple debt collection calls from Defendant on their home and cellular telephones, often as many as four (4) calls per day.

16. That several of the debt collection calls from Defendant resulted in voicemail messages being left on Plaintiffs' cellular telephones.

17. The aforesaid voicemail messages failed to properly disclose that Defendant was a debt collector in violation of 15 U.S.C § 1692e(11). *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp.2d 643 (S.D.N.Y. 2006).

18. The calls at issue were made by Defendant using an automatic telephone dialing system, also known as an "auto-dialer"; the auto-dialer used by Defendant had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

19. Upon information and belief, the calls made by Defendant are made with the assistance of technology provided by LiveVox, Inc, a company that promotes its "predictive dialer" capabilities.

20. The FCC has specifically ruled that a *predictive dialer* falls within the meaning and statutory definition of "automatic telephone dialing equipment" within the TCPA. *2003 TCPA Order*, 18 FCC Rcd 14092-14093 at ¶ 133.

21. On several occasions, Plaintiffs answered the phone only to met by "dead air" silence. On other occasions, Plaintiffs heard a prerecorded message, more commonly referred to as a "robocall." The Caller ID associated with each call displayed a telephone number that was assigned to Defendant.

22. The debt collection calls from Defendant were made without the express consent of Plaintiffs.

23. On certain occasions, Plaintiffs were able to speak to a human operator who identified himself or herself as calling on behalf "Commercial Recovery Systems."

24. On those occasions, Plaintiffs consistently requested for the calls to stop immediately.

25. The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose. *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996).

26. Federal Courts have held that the failure to properly identify oneself as a debt collector in a voicemail message left on an answering machine or state that a voicemail message was left as an attempt to collect a debt constituted a valid claim under the FDCPA. *Anchondo v. Anderson, Crenshaw & Associates, LLC,* 583 F.Supp.2d 1278 (D. New Mexico 2008); *Edwards v. Niagara Credit Solutions, Inc.*, 2009 U.S. App. LEXIS 22500 (11th Cir. 2009).

## COUNT I
## FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR

27. Plaintiffs incorporate Paragraphs 1 through 26.

28. Defendant's messages left on Plaintiffs' voicemail systems failed to disclose that Defendant was a debt collector in violation of 15 U.S.C § 1692e(11).

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    (a)    Damages;

    (b)    Attorney's fees, litigation expenses and costs of the instant suit; and

    (c)    Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiffs incorporate Paragraphs 1 through 26.

30. Defendant made calls to Plaintiffs' cellular telephones using an automatic telephone dialing system.

31. The calls were made without the prior express consent of the Plaintiffs.

32. The aforesaid calls were made in violation of the TCPA, 47 U.S.C. § 222(b)(1)(A)(iii).

WHEREFORE, Plaintiffs requests that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    (a)    Statutory damages at $500 dollars per call;

    (b)    Willful damages at $1500 dollars per call;

    (c)    An injunction requiring Defendant to cease all communications to Plaintiffs in violation of the TCPA;

    (d)    Reasonable attorney's fees and costs; and

    (e)    Such further relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiffs demand trial by jury.

Dated this 24th day of June, 2013.

> BRET L. LUSSKIN, Esq.
> *Attorney for Plaintiff*
> 1001 N. Federal Hwy., Ste 106
> Hallandale Beach, Florida 33009
> Telephone: (954) 454-5841
> Facsimile: (954) 454-5844
> blusskin@lusskinlaw.com
>
> By: /S/ Bret L. Lusskin, Esq.
>     Bret L. Lusskin, Esq.
>     Florida Bar No. 28069
>
> SCOTT D. OWENS, P.A.[1]
> 664 E. Hallandale Beach Blvd.
> Hallandale, FL 33009
> Tel: 954-589-0588
> Fax: 954-337-0666
> scott@scottdowens.com

---

[1] Admission to the United States District Court for the Northern District of Florida forthcoming.

By: *s/Scott D. Owens*
    Scott D. Owens, Esq.
    Florida Bar No. 0597651